## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **ELLICKSON USA, LLC,** | * | |
| Timonium Commerce Park | | |
| 9518 Deereco Road | * | |
| Timonium, Maryland 21093, | | |
| | * | |
| Plaintiff, | | Civil Case No.:  _____ |
| | * | |
| v. | | |
| | * | |
| **INNOVATIVE TAP SOLUTIONS, LLC,** | | |
| Serve on: | * | |
| Josh Goodman | | |
| 913 Zenith Drive | * | |
| Freeland, Maryland 21053, | | |
| | * | |
| **JOSH GOODMAN,** | | |
| 913 Zenith Drive | * | |
| Freeland, Maryland 21053, | | |
| | * | |
| and, | | |
| | * | |
| **DECLAN DUGGAN,** | | |
| 779 S. 3rd St., | * | |
| Philadelphia, Pennsylvania 19147, | | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>COMPLAINT</u>

Plaintiff Ellickson USA, LLC hereby sues defendants Innovative Tap Solutions, LLC,

Josh Goodman, and Declan Duggan, and alleges the following.

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief under the Electronic

Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, Section 43 (a) of the Lanham Act, 15

U.S.C. § 1125(a), and related claims under the laws of the State of Maryland.

2.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to the claim occurred in Maryland, including but not

limited to the interception of emails to the plaintiff from prospective customers.

## PARTIES

4.      Plaintiff Ellickson USA, LLC ("Ellickson") is a limited liability corporation

organized in the State of Delaware with a principal place of business in Timonium, Maryland.

Ellickson is the industry leader in "at the table" draft beer solutions, which allow patrons of bars

and restaurants to serve themselves draft beer while simultaneously enabling the management to

monitor customer alcohol consumption and to comply with applicable regulations.

5.      Defendant Josh Goodman is a resident of Freeland, Maryland who until

November 2012 was CEO of Ellickson. Upon information and belief, Goodman is currently

resident agent and an executive and/or employee of Innovative Tap Solutions, LLC.

6.      Defendant Declan Duggan is a resident of Philadelphia, Pennsylvania who until

November 2012 was Director of Sales and Marketing of Ellickson. Upon information and belief,

Duggan is currently an executive and/or employee of Innovative Tap Solutions, LLC.

7.      Defendant Innovative Tap Solutions, LLC ("ITS") is a limited liability

corporation formed in Maryland with a principal place of business located in Freeland,

Maryland. ITS purports to sell "at the table" draft beer products employing the same technology as, and visually identical to, products sold by Ellickson.

## FACTUAL ALLEGATIONS

8.      Ellickson is a limited liability corporation organized in the State of Delaware with a principal place of business located in Timonium, Maryland. Ellickson is the industry leader in "at the table" draft beer solutions, which allow patrons of bars and restaurants to serve themselves draft beer while simultaneously enabling the management of such establishments to monitor customer alcohol consumption and to comply with applicable regulations.

9.      In 2010, Ellickson hired Goodman to serve as the company's CEO. Goodman agreed with Ellickson that he would be compensated with salary, sales commissions, and a 5% ownership stake in the business that would vest after three years of service.

10.      In 2010, Ellickson also hired Duggan to act as the company's Director of Sales and Marketing. Duggan agreed with Ellickson that he would be compensated with salary and sales commissions.

11.      In the course of their employment with Ellickson, Goodman and Duggan undertook various projects to promote the company's brand and its products. Among other projects, the defendants retained and worked with WebpageFX, a web development and hosting company, to create and maintain a website featuring photographs and video displaying and demonstrating Ellickson's products. The defendants also created several Facebook accounts and at least one YouTube account for use in promoting Ellickson.

12.      Ellickson's website also incorporated a form through which visitors interested in purchasing Ellickson products could enter and submit their contact information. For each inquiry submitted through this form, the website generated an e-mail message to secure Ellickson

employee mailboxes providing the contact information of the prospective client. This information was used as "sales leads" by Ellickson employees to generate new business for the company. Due to the marketing efforts of Ellickson, a marked increase in prospective customers contacting the company occurred during the latter half of 2012.

13.     In the course of their employment with Ellickson, Goodman and Duggan took photographs of Ellickson products. These photographs typically depicted Ellickson products before installation, in the process of installation, and after installation in the establishments of various Ellickson clients. These photographs were then used to promote Ellickson products on the company's website and Facebook accounts.

14.     In the course of their employment with Ellickson, Goodman and Duggan created a video featuring one of Ellickson's draft beer systems. This video features Duggan demonstrating the operation of the Ellickson "Mobile Beer Wall" draft system. After the video was shot and edited, it was uploaded to the Ellickson YouTube account and featured on the company's website. All production costs of the video were paid by Ellickson.

15.     On or about October 4, 2012 Goodman and Duggan met with Ellickson's shareholders and demanded a majority stake in the business or, in the alternative, exclusive sales and distribution rights for Ellickson's draft products within the United States. Ellickson refused, and, unable to come to mutually agreeable terms for continued employment, Goodman and Duggan informed Ellickson that they were terminating their employment effective November 30, 2012.

16.     Unbeknownst to Ellickson's shareholders, Goodman and Duggan then took a coordinated series of steps over the ensuing months to usurp Ellickson's business opportunities, misappropriate the company's trade secrets and intellectual property, spy on the company's lead-

generation system, harm its ongoing marketing efforts, and create a directly competing business while still employed, respectively, as Ellickson's CEO and Director of Sales and Marketing.

17.     In November 2012, Goodman registered Innovative Tap Solutions, LLC ("ITC") with the Maryland State Department of Assessment and Taxation. Through this company, and using the trade name PourMyBeer and the website pourmybeer.com, the defendants took further actions as described below without the knowledge or authorization of Ellickson's shareholders.

18.     While still employed by Ellickson, defendants solicited business from parties intending to do business with Ellickson and invoiced for thousands of dollars of Ellickson products on Innovative Tap Solutions letterhead.

19.     Defendants instructed Ellickson's web development company, WebpageFX, to alter the Ellickson website's "contact us" form such that they could monitor and intercept the leads generated by it. When a prospective customer submitted contact information through the form, the website generated an e-mail message to a designated Ellickson mailbox. The defendants set up a mailbox that had no connection to Ellickson, ellicksonleads@gmail.com, and the WebpageFX technician altered the website such that a blind copy or "bcc" of the email generated by the form was sent to that mailbox. On information and belief, the defendants used this surreptitious electronic monitoring scheme to intercept many sales leads, which they then used to further their own competing business.

20.     Defendants made a copy of Ellickson's promotional video described in paragraph 14 above. They then edited out sections of the video that mentioned Ellickson by name, although they left in extended segments in which Duggan demonstrated the use of Ellickson's "Mobile Beer Wall" draft system. The defendants then uploaded this copied and altered video to the YouTube account "PourMyBeer." This altered video is embedded on the pourmybeer.com

website. Text on the website holds out Ellickson's product depicted in the video as "The Pour

My Beer system." The defendants also deleted Ellickson's YouTube account, removing the

company's original video in the process.

21.    Defendants also made copies of several photographs owned by Ellickson and

posted them to their competing website and Facebook account. At least one such photograph was

copied to and displayed on the pourmybeer.com website. At least two such photographs were

copied to and are displayed on the Facebook account "PourMyBeer." At least five such

photographs were copied to and are displayed on the Facebook account "Pourmybeer.com

Sales." All of these photographs depict Ellickson products but are being held out by defendants

as depicting their own, nonexistent products. Many other photographs of Ellickson products

taken by Ellickson customers are also published on ITS's websites and social media accounts, all

of them purporting to show ITS or PourMyBeer products.

**COUNT I: VIOLATION OF THE**
**ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510 – 2522**

22.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

23.    Plaintiff asserts this Count against all defendants, jointly and severally, pursuant

to Sections 2511 and 2520 of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511

and 2520.

24.    Section 2511 of the ECPA provides in part:

> (1) Except as otherwise specifically provided in this chapter any person who—
>      (a) intentionally intercepts,  endeavors to intercept, or procures any other
>      person to intercept, or endeavor to intercept, any . . . electronic
>      communications;
>      (d) intentionally uses, or endeavors to use, the contents of any
>      . . . electronic communication knowing or having reason to know that the
>      information was obtained through the interception of a[n] . . . electronic
>      communication in violation of this subsection;

6

. . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).
18 U.S.C. § 2511.

25.    Section 2520 of the ECPA provides in part:

(a) In general. — Except as provided in section 2511 (2)(a)(ii), any person whose . . . electronic communication is intercepted . . . or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.
(b) Relief. — In the action under this section, appropriate relief includes-
(1) such preliminary and other equitable or declaratory relief as may be appropriate
(2) damages under subsection (c) and punitive damages in appropriate cases; and
(3) a reasonable attorney's fee and other litigation costs reasonably incurred.
18 U.S.C. § 2520.

26.    By employing an unauthorized and illicit scheme to intercept e-mails from prospective customers to Ellickson generated by the Ellickson website, Defendants have intercepted electronic communications in violation of the ECPA.

27.    By using the sales lead information contained in these intercepted e-mails, defendants have intentionally used information contained in intercepted communications knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of the ECPA.

28.    Defendants' conduct was committed deliberately, intentionally, and with actual malice.

29.    Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law to be fully compensated. Plaintiff seeks injunctive relief and other equitable or declaratory relief as may be appropriate.

30.     Plaintiff also seeks compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II: VIOLATION OF MARYLAND
## UNIFORM TRADE SECRETS ACT, MD CODE, COMM. LAW §§ 11-1201 – 1209

31.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

32.     The sales leads created when prospective customers submitted their contact information through the Ellickson website constituted valuable information deriving independent economic value from not being generally known or readily ascertainable. The sales leads were subject to efforts to maintain their secrecy that were reasonable under the circumstances. The information comprised by the sales leads constitutes protected trade secrets pursuant to Md. Code § 11-201.

33.     By acquiring Ellickson's sales leads through the improper means of secret and unauthorized monitoring of emails generated by Ellickson's website, defendants have misappropriated Ellickson's trade secrets. Defendants have used and are continuing to use these improperly obtained trade secrets to further their own business in direct competition with their former employer.

34.     Defendants have acquired plaintiff's trade secrets willfully and deliberately, with actual malice.

35.     Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law. Plaintiff seeks injunctive relief pursuant to Md. Code, Comm. Law § 11-1202 to restrain any further use of its trade secrets by the defendants.

36.     Plaintiff also seeks compensatory damages and exemplary damages pursuant to Md. Code, Comm. Law § 11-1203, and attorneys' fees and costs pursuant to Md. Code, Comm. Law § 11-1204, and such relief as the interests of justice may require.

### COUNT II: USURPATION OF CORPORATE OPPORTUNITY

37.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

38.     Defendant Josh Goodman was Chief Executive Officer of Ellickson and an unvested 5% share member of the LLC. Goodman owed fiduciary duties to Ellickson.

39.     Goodman knowingly, willfully, and intentionally misappropriated business opportunities that properly belonged to Ellickson, namely the opportunities to enter into business relationships with prospective customers who attempted to do business with Ellickson and were diverted to ITS.

40.     As a result of Goodman usurpation of these business opportunities, Ellickson has suffered commercial damage in the form of lost sales, revenues and profits. Goodman performed these actions willfully, intentionally and with malice, warranting the imposition of exemplary damages.

41.     Goodman's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff seeks injunctive relief and other equitable or declaratory relief as may be appropriate.

### COUNT IV: CONSTRUCTIVE FRAUD

42.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

43.     Defendant Goodman was a trusted officer and fiduciary occupying a position of influence at Ellickson.

44.     Goodman abused this positions of trust to obtain confidential and proprietary information about Ellickson and its business.

45.     Goodman violated the confidences bestowed upon him as a fiduciary of Ellickson by using the information provided to him in confidence to create and run a competing business — ITS — to the detriment of Ellickson.

46.     Ellickson has suffered a loss as result of Goodman's knowing, reckless and intentional deception, warranting an award of actual and exemplary or punitive damages.

## COUNT V: TORTIOUS INTERFERENCE
## WITH PROSPECTIVE BUSINESS RELATIONSHIPS

47.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

48.     There was a reasonable probability that Ellickson would have entered into business relationships with parties whose inquiries were intercepted by defendants.

49.     Defendants willfully and intentionally interfered with plaintiff's prospective business relationships.

50.     Defendants' conduct, as described herein, was independently tortious or wrongful.

51.      The result of Defendants' intentional and tortious interference with prospective business relationships between Ellickson and others is the proximate cause of commercial damage to Ellickson.

52.     By reason of the foregoing, Ellickson is entitled to recover the damage that Defendants have caused. In addition, Defendants' actions warrant the imposition of exemplary damages because they were willful, intentional and performed with malice.

## COUNT VII – LANHAM ACT UNFAIR COMPETITION

53.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

54.    Defendants Goodman, Duggan, and ITS have misrepresented images and video of plaintiff's products as being products of ITS or PourMyBeer, which  misrepresents the origin and qualities of defendants' products and designs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Defendants' use of the images, video, and design of Ellickson's products in the stream of interstate commerce falsely designates and misrepresents the origin of defendants' designs and creates a likelihood of confusion to those third persons to whom defendants made such representations.

56.    Defendants committed the conduct described above willfully and in violation of 15 U.S.C. § 1125(a).

57.    Defendants' willful violation of 15 U.S.C. § 1125(a) entitles Ellickson to an award of its damages, Defendants' ill-gotten profits, treble damages, costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Ellickson USA. LLC demands that judgment be entered in its favor, and against defendants Innovative Tap Solutions, LLC, Josh Goodman, and Declan Duggan, as follows:

      a.  for compensatory and multiple damages;

      b.  for punitive damages;

      c.  for attorneys' fees and costs;

      d.  for injunctive and declaratory relief; and

      e.  for such other and further relief as the interests of justice may require.

Dated:  February 26, 2013

                               s/ Joshua R. Treem
                               Joshua R. Treem (Fed. Bar No. 00037)
                               C. Christopher Brown (Fed. Bar No. 01043)
                               Trevor H. Coe (Fed. Bar No. 29429)
                               BROWN, GOLDSTEIN & LEVY LLP
                               120 E. Baltimore Street, Suite 1700
                               Baltimore, Maryland 21202
                               Phone: (410) 962-1030
                               ccb@browngold.com
                               jrt@browngold.com
                               tcoe@browngold.com

                               *Attorneys for Plaintiff*